## THE THREE DISTINCT METHODS OF LEVYING A STREET ASSESSMENT.

[Court of Insolvency of Hamilton County].

JOHN D. HASEMEIER v. CITY OF CINCINNATI.

Decided, May 2, 1903.

A street assessment may be made in any one of the three ways provided by statute, but these methods are distinct, and when one of them has been adopted it should be substantially followed to the end.

McNEILL, J.

The ordinance to improve Pink alley passed by the board of legislation October 8, 1900, provides that the costs and expenses of said improvement, including the damages, etc., shall be assessed upon the lots and lands hereinafter set forth in proportion to, and in no instance exceeding, the benefits which may severally result to them (owners) by reason of said improvement—said lots and lands being determined hereby to be the lots and lands which will be specially benefited by said improvement, to-wit: "The lots and lands bounding and abutting on Pink alley from Livingston to Dayton streets."

The improvement was made, notices published, and the board of public service proceeded to assess the property bounding and abutting on the improvement, as the property benefited, but made

the estimate by dividing the whole cost of the improvement by the number of abutting feet.

The statutes provide three ways in which assessments for improvements may be made, viz., by valuation, by benefits or by the abutting feet (Sec. 2264). Now this assessment is ostensibly made "by benefits," which requires a judical act, viz., ascertaining the benefits conferred on each particular lot, and levying an assessment in proportion thereto. An assessment by the abutting foot is arbitrary, and presumes benefits. An assessment by benefits requires that the proper proportion should be charged upon the benefited lot, as a whole, the payments to be made in yearly installments.

Now, what was done in this case? The property to be assessed is described in the ordinances the same as in cases where the assessment is to be made by the abutting foot, and the amount to be charged upon each lot was ascertained by dividing the whole cost of the improvement by the whole number of abutting feet, and then assessing each lot, with an amount ascertained by multiplying the cost of one foot thus ascertained by the number of feet which the lot abuts on the improvement. It will be readily seen that all the advantages of an assessment by the abutting foot are thus secured under the form of an assessment according to benefits, and the property owner is deprived of the benefit of the rule established by our Supreme Court in the Haviland case, as that rule only applies where the assessment is made by the front foot (50 O. S., 471).

The three forms of special assessments are each distinct from the other, and the requirements of the statutes as to each should be strictly followed (see 52 O. S., 339). The statute (Sec. 2264) requires that when the assessment is made according to benefits a specific description of the lots to be assessed shall be set forth in the ordinance, while in the ordinance under consideration the lots are described as "the lots and lands bounding and abutting on Pink alley, etc.," which is the language employed in the statute where the assessment is made by the abutting foot. A number of the lots assessed front on adjacent streets and extend lengthwise on Pink alley, and only have a depth of twenty to twenty-five feet measured from the alley, yet no allowance is made for this in making the assessment.

NISI PRIUS REPORTS—NEW SERIES. 63

A valid assessment can only be made in the methods provided by the statutes. Council may adopt either of the three ways provided, but as the methods are distinct, whichever one is adopted should be substantially followed to the end. Here the assessment has been made partly according to the method required when the assessment is made by benefits, and partly according to the method required when the assessment is made by the abutting foot. There has been a failure to comply with either method.

It follows therefore that the assessment is invalid.

*John R. Von Seggern,* for plaintiff.

*John V. Campbell,* contra.